MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD (SBN 119513)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA  90071-3132
Tel:  213.612.2500
Fax:  213.612.2501
Email:  jbattenfeld@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
RAFIK MATTAR (SBN 231292)
5 Park Plaza, Suite 1750
Irvine, California 92614
Tele: 949-399-7000
Fax: 949-399-7001
email: rmattar@morganlewis.com

Attorneys for Defendant
BDO SEIDMAN, LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAM NGUYEN,<br><br>            Plaintiff,<br><br>      vs.<br><br>BDO SEIDMAN, LLP, a Limited Liability Partnership; and DOES 1-10, inclusive,<br><br>            Defendant. | Case No. SACV07-1352 JVS (MLGx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to material so entitled, the Court enters this Stipulated Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**1. <u>GOOD CAUSE STATEMENT</u>**

1.1   WHEREAS, plaintiff Nam Nguyen ("Plaintiff" or "Nguyen") seeks non-public, confidential, proprietary and trade secret information from defendant BDO Seidman, LLP ("Defendant" or "BDO"), including without limitation information and documents regarding Defendant's services and/or products, selling and marketing practices, disciplinary practices, compensation practices, hiring and training practices, policies and procedures, programs and agreements, and private information regarding Defendant's current and former agents, employees and clients;

1.2   WHEREAS, in the absence of a protective order, Defendant's proprietary and trade secret information and private information regarding current and former agents, employees and customers of Defendant could be subject to disclosure in this litigation;

1.3   WHEREAS, disclosure of Defendant's proprietary and trade secret information and private information regarding current and former agents, employees and clients of Defendant could place Defendant at a competitive disadvantage, breach Defendant's legal obligations; subject Defendant to liability and/or result in economic loss to Defendant, their agents or their customers;

1.4   WHEREAS, production and use of discovery materials pursuant to this Stipulated Protective Order would sufficiently protect Defendant's proprietary and trade secret information and private information regarding current and former agents, employees and clients of Defendant; and

1.5   WHEREAS, the parties agree that in order to conduct meaningful discovery in accordance with the Federal Rules of Civil Procedure a stipulated

protective order is necessary and outweighs the interest of the public to gain access to litigation documents and information that may be based in whole or in part upon the information contained within such discovery.

THEREFORE, IT IS STIPULATED AND AGREED, by and between Plaintiffs and Defendant and their respective undersigned counsel of record that:

**2. DEFINITIONS**

2.1  Party:  any named party to this action (here, Nam Nguyen and BDO Seidman, LLP), including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "CONFIDENTIAL" Information or Items:  For purposes of this Stipulated Protective Order, the Producing Party may designate as Confidential any information it believes to be Confidential Information, or any document containing such information.  Confidential Information means Trade Secrets, confidential and proprietary business and financial information, and confidential personal information, including, without limitation:  (1) non-public information about any individual or individuals, including personnel records, evaluations, compensation levels, databases, surveys, statistical analysis, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; (2) non-public information about any client or customer of BDO, including financial information; and (3) non-public, proprietary information and documents regarding BDO's products, selling and marketing practices, disciplinary practices, compensation practices, hiring and training practices, policies and procedures, programs and agreements, and private information regarding Defendant's current and former agents, employees and clients.  A "Trade Secret"

means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. *See* Cal. Civil Code § 3426.1(d).

2.4 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the "CONFIDENTIAL" material.

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, examining, sorting data in any form or medium; etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that reveal Protected Material.

**4.   DESIGNATING PROTECTED MATERIAL**

4.1   Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 4.1(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" clearly on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

1  determine which documents, or portions thereof, qualify for protection under this
2  Order; then, before producing the specified documents, the Producing Party must
3  affix the "CONFIDENTIAL" designation clearly on each page that contains
4  Protected Material.  If only a portion or portions of the material on a page qualifies
5  for protection, the Producing Party also must clearly identify the protected
6  portion(s) (e.g., by making appropriate "CONFIDENTIAL" markings in the
7  margins).
8        (b)   <u>for testimony given in deposition</u>, that the Party or non-party
9  offering or sponsoring the testimony identify on the record, before the close of the
10 deposition, all protected testimony, and further specify any portions of the
11 testimony that it intends to designate as "CONFIDENTIAL."  When it is
12 impractical to identify separately each portion of testimony that is entitled to
13 protection, and when it appears that substantial portions of the testimony may
14 qualify for protection, the Party or nonparty that sponsors, offers, or gives the
15 testimony may invoke on the record (before the deposition is concluded) a right to
16 have up to thirty (30) days to identify the specific portions of the testimony as to
17 which "CONFIDENTIAL" protection is sought.  Only those portions of the
18 testimony that are appropriately designated for protection within the thirty (30) days
19 shall be covered by the provisions of this Stipulated Protective Order.  During the
20 pendency of the thirty-day period, and until a final transcript incorporating all
21 specified confidentiality designations is provided by the court reporter, the Parties
22 shall treat all portions of the testimony as "CONFIDENTIAL."  After the final
23 transcript incorporating all specified confidentiality designations is provided by the
24 court reporter, the Parties agree to destroy all copies of any interim transcripts
25 containing incomplete confidentiality designations.
26       Transcript pages containing Protected Material must be separately
27 marked by the court reporter, who must affix to the top of each such page the
28 legend "CONFIDENTIAL," as instructed by the Party or nonparty offering or

sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate "CONFIDENTIAL" markings in the margins).

4.2 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

5.1 <u>Timing of Challenges</u>.  A Party who seeks to challenge a Designating Party's confidentiality designation should do so at least thirty (30) days prior to the time the parties are to exchange their pre-trial Exhibit Lists.

5.2 <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge

1  process only if it has engaged in this meet and confer process first and has fully
2  complied with the procedures set forth in Local Rule 37-1.

3        5.3    <u>Judicial Intervention</u>.  Any dispute relating to this Stipulated Protective
4  Order, including a challenge to a confidentiality designation or the inadvertent
5  disclosure of work product or attorney-client material, must be done pursuant to
6  Local Rule 37.  In making or opposing any motion relating to the designation of
7  "CONFIDENTIAL" material, the party seeking to maintain a document as
8  confidential shall bear the burden of showing that specific prejudice or harm will
9  result if no protective order is granted.  Until the Court rules on the challenge, all
10 parties shall continue to afford the material in question the level of protection to
11 which it is entitled under the Producing Party's designation.

12 **6.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

13       6.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is
14 disclosed or produced by another Party or by a non-party in connection with this
15 case only for prosecuting, defending, or attempting to settle this litigation.  Such
16 Protected Material may be disclosed only to the categories of persons and under the
17 conditions described in this Order.  When the litigation has been terminated, a
18 Receiving Party must comply with the provisions of Section 11, below.

19       Protected Material must be stored and maintained by a Receiving Party
20 at a location and in a secure manner that ensures that access is limited to the
21 persons authorized under this Order.

22       6.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Subject to
23 the limitations set forth in Section 10 of this Order, unless otherwise ordered by the
24 Court or permitted in writing by the Designating Party, a Receiving Party may
25 disclose any information or item designated "CONFIDENTIAL" only to:
26       (a)    the Receiving Party's Outside Counsel of record in this action,
27 as well as employees of said Counsel to whom it is reasonably necessary to disclose
28 the information for this litigation;

1        (b)    the Receiving Party, including the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (d)    the Court and its personnel subject to the filing procedures set forth herein;

      (e)    court reporters and their staffs subject to the provisions regarding deposition set forth herein;

      (f)    professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      (g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Any witness who does not sign the "Agreement to Be Bound by Protective Order" (Exhibit A) shall be required to review any pages or exhibits marked as "CONFIDENTIAL" under the terms of this Stipulated Protective Order in the offices of the appropriate court reporter or in the offices of the disclosing party and such witness shall not be entitled to copies of pages or exhibits marked as "CONFIDENTIAL" under the terms of this Stipulated Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately marked as such by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      (h)    the author of the document or the original source of the information.

6.3     Notwithstanding any other provisions of this Stipulated Protective Order, it has no effect upon, and its scope shall not extend to, any Party's use of documents from its own files or its own Confidential Information.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order;

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.      FILING PROTECTED MATERIAL**

Motion papers or other Court filings, including exhibits, that disclose Protected Material shall be filed with an application to file the Protected Material under seal pursuant to Rule 79-5.1 of the Civil Local Rules for the United States District Court, Central District of California.  In addition, papers referencing or relying upon Protected Material shall designate the particular aspects that are confidential to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose.  If the Receiving Party disputes a confidential designation of motion papers or exhibits, then the Receiving Party must notify the Designating Party of that dispute in writing.  If the parties are unable to resolve their dispute, either party may move the Court for an order approving or removing the "CONFIDENTIAL" designation.  The non-moving party may oppose such motion.  In the interim, the designated material shall be deemed Protected Material until the issue is resolved by the Court.

**10.     "CONFIDENTIAL" MATERIALS OFFERED AS EVIDENCE AT TRIAL**

When offered in evidence at trial, Protected Material and information designated as "CONFIDENTIAL" will become available to the public, unless good cause is shown to the district judge in advance of the scheduled trial date to proceed otherwise.  In order to permit a Designating Party to assess whether to move the Court for additional protection, and if appropriate to file a timely motion, the proponent of the evidence must give notice of intent to introduce the evidence to counsel for the Designating Party at the time the parties are to exchange their pre-trial Exhibit Lists.  Any Protected Material and information designated as "CONFIDENTIAL" that is not included on the Exhibit List shall be first subject to an *in camera* review in advance of the trial to prevent unnecessary disclosure

pursuant to applicable federal and local rules.  The Court will determine whether the proffered evidence should continue to be treated as "CONFIDENTIAL" and, if so, what protection, if any, may be afforded to such materials or information at trial.

**11.  FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Protected Material that has not lost its "CONFIDENTIAL" designation and become available to the public.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not, other than as authorized below in the subsequent paragraph, retained any Protected Material.

Notwithstanding the provisions in the immediately preceding paragraph, Counsel are entitled to retain an archival copy of all documents and things produced in discovery, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

**12.  MISCELLANEOUS**

12.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Nothing in this Stipulated Protective Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the recipient agrees that, upon request from the producing party, it shall promptly return all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

12.4    <u>Jurisdiction.</u>   The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Stipulated Protective Order as the Court from time to time may consider appropriate, upon motion of any party or otherwise. The provisions of this Stipulated Protective Order regarding the use or disclosure of information designated as "CONFIDENTIAL" will survive the termination of this action, and the Court will retain jurisdiction with respect to this Order.

**IT IS SO STIPULATED, BY AND THROUGH COUNSEL OF RECORD.**

Dated: September ____, 2008       MORGAN, LEWIS & BOCKIUS LLP
                                  JOHN S. BATTENFELD
                                  RAFIK MATTAR

                                  By _____
                                     Rafik Mattar
                                     Attorneys for Defendant
                                     BDO SEIDMAN, LLP

| | | |
|---|---|---|
| 1 | DATED: September __, 2008 | KERSHAW, CUTTER, & RATINOFF, LLP |
| 2 | | |
| 3 | | By:_____ |
| 4 | | Stuart C. Talley |
| | | Attorneys for Plaintiff |
| 5 | | NAM NGUYEN |

### [~~PROPOSED~~] ORDER

IT IS SO ORDERED.

Dated: September 17, 2008

_____
Marc L. Goldman
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____[print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Nguyen v. BDO Seidman, LLP*, Case No. SACV07-1352 JVS (MLGx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and agree that the material covered by this Stipulated Protective Order shall be used exclusively for the purposes of this litigation and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____[print or type full address and telephone numbers] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____